# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## DOCKET NO: 1:20-MC-00003-MOC

| | | |
|---|---|---|
| THE ESTATE OF GLEN ANDREWS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WELLS FARGO HOME MORTGAGE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's pro se document, titled "Notice of Foreign Judgment," which requests the Court to enter a "judgment" against Defendant pursuant to an "arbitration." (Doc. No. 1-2 at 3). Plaintiff's filings in this matter are materially identical to those that were dismissed by the Court in Glen Andrews v. Wells Fargo Home Mortgage, No. 1:19-cv-00338-MOC (Doc. No. 4). In fact, the filings have the same timestamp. (Doc. No. 1-1 at 1).

As the Court explained in its prior order, Plaintiff's documents are non-sensical. Even applying a liberal construction to them, the Court cannot construe Plaintiff's document as a civil complaint. Thus, Plaintiff's action is dismissed for failure to comply with Federal Rule of Civil Procedure 3. See, e.g., United States v. Hames, 122 F. App'x 706, 707 (5th Cir. 2004); Application of Howard, 325 F.2d 917, 920 (3d Cir. 1963); Cowan v. Bullock, No. 15-CV-17, 2015 WL 4218522, at *1 (D. Mont. July 10, 2015); Avillan v. Donahue, No. 12-CV-3370, 2013 WL 12084502, at *2 (S.D.N.Y. Feb. 15, 2013), aff'd, 568 F. App'x 73 (2d Cir. 2014); Cochran v. Bank of New York, No. 4:12-CV-0056, 2014 WL 12491998, at *3 (N.D. Ga. Mar. 20, 2014).

Moreover, even assuming Plaintiff's documents could be construed as a complaint, it is well-established that district courts have "inherent authority to dismiss frivolous complaints." Traywick v. Med. Univ. of S.C., 671 F. App'x 85, 86 (4th Cir. 2016) (citing Mallard v. United

States Dist. Court, 490 U.S. 296, 307–08 (1989)); see also Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363 (2d Cir. 2000) (recognizing that "district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee"). After reviewing the documents, the Court finds their fantastical assertions have no basis in law or fact. Accordingly, the "complaint" shall be dismissed as frivolous.

Plaintiff has now filed multiple frivolous documents with the Court, which waste the resources of the public and those who would have to defend against them. Thus, the Court advises the pro se Plaintiff that continually filing frivolous documents can lead to Court-ordered sanctions and an injunction prohibiting Plaintiff from filing further suits without first obtaining leave of Court. See In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984); see, e.g., Stone v. S. Cent. Reg'l Jail, 104 F. App'x 305, 307 (4th Cir. 2004); Armstrong v. Koury Corp., 211 F.3d 1264 (4th Cir. 2000) (table).

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's action, titled "Notice of Foreign Judgment" (Doc. No. 1), is **DISMISSED.**

Signed: March 4, 2020

Max O. Cogburn Jr
United States District Judge